l Anderson a/k/a Sheila Neal a/k/a Sheila Anderson-Neal Stipulation Bankruptcy Case # 16-11410/JKF

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Sheila Anderson a/k/a Sheila Neal a/k/a Sheila Anderson-Neal, <br>     Debtor. | CHAPTER 13 <br><br> BANKRUPTCY CASE NUMBER <br> 16-11410/JKF |
| Nationstar Mortgage LLC as servicer for The Bank of New York Mellon f/k/a The Bank of New York as Trustee for Nationstar Home Equity Loan Trust 2007-B, <br>     Movant, <br> v. <br> Sheila Anderson a/k/a Sheila Neal a/k/a Sheila Anderson-Neal, <br>     Debtor, <br><br> William C. Miller, Trustee, <br>     Additional Respondent. | 11 U.S.C. § 362 |

## STIPULATION AND ORDER

AND NOW, in consideration of the mutual promises and agreements set forth below, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby stipulated and agreed to by and between the undersigned as follows:

1. This Stipulation shall govern all post-petition payments due and owing to Movant, including those that fall due after the arrears, as set forth below, are cured.

2. The post-petition arrearages on the mortgage held by Movant on Debtor' property at 5113 Brown Street, Philadelphia, PA 19139, are $1,450.24. The breakdown of the arrears is as follows:

Post-Payments from September 1, 2016 to October 1, 2016 at $725.12 each = $1,450.24;

3. If Debtor provides proof of negotiated payments not already credited, they will receive credit for those payments.

4. Debtor shall cure the arrearages in the following manner:

(a) Movant shall apply $33.57 from Debtor Suspense to the arrearage balance;

2 Anderson a/k/a Sheila Neal a/k/a Sheila Anderson-Neal Stipulation Bankruptcy Case # 16-11410/JKF

(b) The balance of the arrears, to-wit, $1,416.67, shall be cured by the payment by Debtor of the sum of $236.11 commencing November 1, 2016, and continuing for 6 consecutive months through and including April 1, 2017, until the arrears are cured, together with the regular monthly mortgage payment of $725.12, or as same may be adjusted from time to time in accordance with Paragraph (e) hereof, for the total monthly payment amount of $961.23, payable on the due date of Debtor's mortgage;

(c) If funds are not received prior to the 16th of the month, then the payment shall include all applicable late charges;

(d) All payments to Movant are to be in CERTIFIED FUNDS, MONEY ORDER, or BANK CASHIER'S CHECK with the Loan No. written on the face thereof, and shall be made directly to Attention: BANKRUPTCY DEPARTMENT, Nationstar Mortgage LLC as servicer for The Bank of New York Mellon f/k/a The Bank of New York as Trustee for Nationstar Home Equity Loan Trust 2007-B, at P.O. Box 619094, Dallas, Texas 75261-9741;

(e) Debtor is responsible to pay the monthly payment as that amount may be adjusted from time to time by Movant in accordance with standard escrow practices;

(f) All payments made pursuant to this Stipulation and Order shall be applied first to reimburse Movant for its attorneys' fees and costs (as provided for above) in connection with this motion. All further payments will be applied to the arrears and/or monthly payments in the manner prescribed by the Mortgage and Note.

5. In the event that Debtor fail to make any of the payments set forth above, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure the default within 15 days of the notice. If Debtor should fail to cure the default within 15 days, Movant may file a Certification of Default with the Court, and upon the filing of the Certification, Debtor consents to the Court entering an Order granting Movant relief from the Automatic Stay.

3 Anderson a/k/a Sheila Neal a/k/a Sheila Anderson-Neal Stipulation Bankruptcy Case # 16-11410/JKF

6. After Movant sends two (2) Notices of Default for Debtor's failure to remain post-petition current, then Movant may file a Certification of Default with the court instead of sending a third Notice of Default.

7. Debtor understands that should Movant be forced to provide a written Notice of Default of this Stipulation, that Debtor shall be responsible for any reasonable attorney fees of $50.00 per Notice of Default and $200.00 per Certification of Default incurred by Movant as a result of preparation of same.

8. Debtor agrees that the Court may waive Rule 4001(a)(3), permitting Movant to immediately implement and enforce the Court's order.

Dated: 10/10/16

_____
Kevin S. Frankel, Esquire
Attorney for Movant

Dated: 10/10/16

_____
Brad J. Sadek, Esquire
Attorney for Debtor

**NO OBJECTION**

Dated: 10/11/16

_____
William C. Miller
Trustee

AND NOW, this _____ day of _____, 2016, it is hereby ORDERED that the foregoing Stipulation is approved, shall be, and is made an Order of this Court.

BY THE COURT:

_____
HONORABLE JEAN K. FITZSIMON
UNITED STATES BANKRUPTCY JUDGE