1 Anderson a/k/a Sheila Neal a/k/a Sheila Anderson-Neal Stipulation Bankruptcy Case # 16-11410/ELF

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Sheila Anderson a/k/a Sheila Neal a/k/a Sheila Anderson-Neal,<br>  Debtor.<br><br>Nationstar Mortgage LLC as servicer for The Bank of New York Mellon f/k/a The Bank of New York as Trustee for Nationstar Home Equity Loan Trust 2007-B,<br>  Movant,<br>v.<br>Sheila Anderson a/k/a Sheila Neal a/k/a Sheila Anderson-Neal,<br>  Debtor,<br><br>William C. Miller, Trustee,<br>  Additional Respondent. | CHAPTER 13<br><br>BANKRUPTCY CASE NUMBER 16-11410/ELF<br><br>11 U.S.C. § 362 |

### STIPULATION AND ORDER TO VACATE RELIEF ORDER

AND NOW, in consideration of the mutual promises and agreements set forth below, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby stipulated and agreed to by and between the undersigned as follows:

1. This Stipulation shall govern all post-petition payments due and owing to Movant, including those that fall due after the arrears, as set forth below, are cured.

2. On November 28, 2017, this Honorable Court entered an Order granting Movant Relief from the Automatic Stay (the "Relief Order")

3. The parties have agreed to vacate the Relief Order of November 28, 2017 and reinstate the automatic stay as to Movant as per the terms of this stipulation.

4. Debtor has submitted funds to cure the default. The loan is currently due for the January 1, 2018 post-petition monthly payment.

2 Anderson a/k/a Sheila Neal a/k/a Sheila Anderson-Neal Stipulation Bankruptcy Case # 16-11410/ELF

5. Debtor hereby agrees to stay current on all future post-petition payments commencing with the January 1, 2018 payment.

6. If funds are not received prior to the 16th of the month, then the payment shall include all applicable late charges;

7. All payments to Movant are to be in CERTIFIED FUNDS, MONEY ORDER, or BANK CASHIER'S CHECK with the Loan No. written on the face thereof, and shall be made directly to Attention: BANKRUPTCY DEPARTMENT, Nationstar Mortgage LLC as servicer for The Bank of New York Mellon f/k/a The Bank of New York as Trustee for Nationstar Home Equity Loan Trust 2007-B, at P.O. Box 619094, Dallas, Texas 75261-9741;

8. Should Debtor's regular monthly payment amount change, Debtor shall be notified of such change, and the monthly payment amount due under the terms of the Stipulation shall change accordingly;

9. All payments made pursuant to this Stipulation and Order shall be applied first to reimburse Movant for its attorneys' fees and costs (as provided for above) in connection with this motion. All further payments will be applied to the arrears and/or monthly payments in the manner prescribed by the Mortgage and Note.

10. In the event that Debtor fails to make any of the payments set forth above, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure the default within 15 days of the notice. If Debtor should fail to cure the default within 15 days, Movant may file a Certification of Default with the Court, and upon the filing of the Certification, Debtor consents to the Court entering an Order granting Movant relief from the Automatic Stay.

3 Anderson a/k/a Sheila Neal a/k/a Sheila Anderson-Neal Stipulation Bankruptcy Case # 16-11410/ELF

11. In the event a Notice of Default is issued and the Debtor remits a partial payment, it is agreed that acceptance of partial payment during the cure period shall not constitute satisfaction or waiver of the Notice of Default. Absent a full cure of the Notice of Default, Movant may file its Certification of Default with the Court.

12. In the event the instant bankruptcy case is converted to a case under Chapter 7, this shall constitute a default under the terms of this Stipulation, counsel for Movant may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the Property.

13. After Movant sends one (1) Notice of Default for Debtor's failure to remain post-petition current, then Movant may file a Certification of Default with the court instead of sending a second Notice of Default.

14. Debtor understands that should Movant be forced to provide a written Notice of Default of this Stipulation, that Debtor shall be responsible for any reasonable attorney fees of $100.00 per Notice of Default and $200.00 per Certification of Default incurred by Movant as a result of preparation of same.

4 Anderson a/k/a Sheila Neal a/k/a Sheila Anderson-Neal Stipulation Bankruptcy Case # 16-11410/ELF

# 16-11410

15. Debtor agrees that the Court may waive Rule 4001(a)(3), permitting Movant to immediately implement and enforce the Court's order.

The parties request that this Honorable Court approve this stipulation.

Dated: 12/15/17

Kevin S. Frankel, Esquire
Attorney for Movant

Dated: 12/15/17

Brad J. Sadek, Esquire
Attorney for Debtor

Dated: 12/20/2017

William C. Miller
Trustee

**NO OBJECTION**
*without prejudice to any trustee rights or remedies

**ORDER**

AND NOW, this 21st day of December, 2017, it is hereby ORDERED that the foregoing Stipulation is approved, shall be, and is made an Order of this Court.

**ERIC L. FRANK**
**CHIEF U.S. BANKRUPTCY JUDGE**